UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE E. BELL,<br>    *Petitioner*,<br>vs.<br>NEVEN, *et al.*,<br>    *Respondents*. | 2:06-cv-01143-RLH-PAL<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#8) under Rule 4 of the Rules Governing Section 2254 Cases.

The original petition in this matter asserted at least thirty-four different claims under three grounds in a scattershot fashion. The Court's prior screening order (#4) accordingly instructed the petitioner, *inter alia*, to not combine ineffective assistance of counsel claims together with other claims not based on ineffective assistance of counsel under a single ground. The order additionally instructed petitioner to set forth his multitude of ineffective assistance of counsel claims arising from different circumstances in separate grounds.

The Court further *sua sponte* raised the question of whether the claims presented had been fully exhausted. After setting forth the governing law regarding the exhaustion requirement, the Court directed as follows:

> Accordingly, in the amended petition filed in response to this order, petitioner: (1) must attach copies of all briefs, memoranda, and other papers upon which he relies to establish that the claims alleged in the amended petition are exhausted;

> and (2) for each claim, separately, he must state specifically, by page and line, which paper or papers presented the claim to the state district court and then to the Supreme Court of Nevada.

#4, at 3. The Court's order further informed petitioner:

> IT FURTHER IS ORDERED that this action may be dismissed without prejudice without further advance notice if petitioner fails to both fully and timely comply with this order.

*Id.*, at 6.

The amended petition again presents a multitude of different claims for relief in three grounds in a scattershot fashion. Despite the directives in the Court's prior order, the amended petition continues to combine multiple ineffective assistance of counsel claims with one another in a single ground. Additionally, despite the directives in the Court's prior order, the amended petition continues to combine ineffective assistance of counsel claims in a single ground together with other claims that are not based upon ineffective assistance of counsel.

Moreover, and more significantly, petitioner failed to comply with the Court's order by failing to demonstrate exhaustion specifically as to each claim of the multitude of claims in the amended petition. Indeed, the amended petition instead essentially acknowledges that the claims were not fairly presented to the state courts, either on direct appeal or state post-conviction review.

With regard to direct appeal, the amended petition reflects that the claims in Grounds One and Two were not presented on direct appeal; and on Ground Three, the amended petition fails to state either "yes" or "no" as to whether the claims were presented on direct appeal. As to all three grounds, the amended petition asserts that the claims were not presented on direct appeal because "the counselor that represented petitioner during trial/sentencing proceedings also represented him during appellate review."

With regard to state post-conviction review, the amended petition fails to state either "yes" or "no" as to whether the multitude of claims in Grounds One through Three were presented on state post-conviction review. The amended petition asserts that the claims were not presented in a state post-conviction petition because "petitioner's assertions were

ambiguous where the State made many [or its] interpretations." On the claims raised in Ground One, the amended petition states that the claim was raised on appeal from the denial of state post-conviction relief to the Supreme Court of Nevada. On the claims raised in Grounds One and Two, the amended petition fails to state either "yes" or "no" as to whether the multitude of claims were presented to the Supreme Court of Nevada. The amended petition asserts that the claims were not presented to the Supreme Court of Nevada because they were "raised however ambiguously" or were "ambiguously raised."

The only state court brief, memorandum or pleading attached with the amended petition is a copy of petitioner's opening brief on direct appeal. The amended petition concedes, however, that the claims in Grounds One through Three were not presented on direct appeal. No papers were attached showing that any of the claims in the amended petition were fairly presented on state post-conviction review to the state courts through to the Supreme Court of Nevada. Further, the amended petition, despite the directive in the Court's screening order, does not state "for each claim, separately, . . . specifically, by page and line, which paper or papers presented the claim to the state district court and then to the Supreme Court of Nevada."

In sum, on the exhaustion issue, petitioner did not fully respond to the exhaustion queries in the petition form, much less respond to the Court's express directive to specifically show separately as to each claim and with supporting papers that the claims raised in the amended petition were exhausted. An acknowledgment that unspecified claims were presented, at best, "ambiguously" fails to establish that any claim in the amended petition was fairly presented to the state courts. The Court ordered petitioner to demonstrate exhaustion specifically and separately as to each claim, and he failed to do so as to any claim in the amended petition.

This matter therefore will be dismissed without prejudice, first, for failure to comply with the prior order of this Court and, second, in the alternative, for failure to demonstrate that any claim presented in the amended petition was fairly presented to the state courts after petitioner was directed to do so on the Court's *sua sponte* exhaustion inquiry.

1 | IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice. The
2 | Clerk of Court shall enter final judgment accordingly.
3 | IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section
4 | 2254 Cases, the Clerk of Court additionally shall serve a copy of this order, the judgment, and
5 | the amended petition upon respondents by sending same by certified mail to the Office of the
6 | Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. No
7 | response is required from respondents.
8 | DATED this 17th day of January, 2007.

_____
ROGER L. HUNT
Chief United States District Judge