# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE E. BELL,

    *Petitioner*,

vs.

NEVEN, *et al.*,

    *Respondents*.

2:06-cv-01143-RLH-PAL

ORDER

    This long closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#11) to reopen. The motion was filed more than seven years after entry of final judgment and therefore necessarily arises under Rule 60(b) of the Federal Rules of Civil Procedure.

    At the very outset, the motion is untimely. Under Rule 60(c)(1), a Rule 60(b) motion must be brought within a reasonable time and on the grounds in Rule 60(b)(1) through (3) no later than one year after the entry of judgment. The time period for seeking relief under Rule 60(b)(1) through (3) clearly long since has expired. The Court further finds that the motion was not filed within a reasonable time with regard to the remaining provisions of Rule 60(b). While petitioner relies upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Martinez* was decided over two years before petitioner filed the motion. That clearly is not a reasonable time to seek to invoke an intervening decision on a now seven year old judgment.

    The motion in any event is wholly without merit. This action was dismissed without prejudice, first, for petitioner's failure to comply with the Court's order regarding amendment of the petition, and, more significantly, second, for petitioner's failure to demonstrate in

response to the Court's order that his claims were exhausted. The intervening holding in *Martinez* has nothing to do with the basis for dismissal of this case. The Supreme Court held in *Martinez* that a petitioner potentially can demonstrate cause to overcome a procedural default of an ineffective-assistance claim in the state courts by showing that he did not have effective assistance of counsel in the state court initial-review collateral proceeding, in a state where such proceeding provides the first meaningful opportunity to raise the ineffective-assistance claim. No ineffective-assistance claims were dismissed herein on the basis of having been procedurally defaulted in the state courts. Rather, the action was dismissed because petitioner failed to comply with the Court's amendment order and failed to demonstrate that his claims were exhausted in response to the Court's order. *Martinez* thus is not relevant to the basis for dismissal and does not undercut the dismissal. *Martinez* further does not require the appointment of counsel in a federal habeas proceeding.

Accordingly, even if petitioner's motion were timely, which it is not, petitioner has not demonstrated the extraordinary circumstances required to obtain relief under Rule 60(b)(6). *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The Court need not apply a multitude of factors relevant to other contexts to determine that reliance upon a *wholly inapposite* intervening decision over two years after its issuance does not present extraordinary circumstances under Rule 60(b)(6). The remaining provisions in Rule 60(b)(4) and (5) plainly are inapplicable.

The motion therefore will be denied.

IT THEREFORE IS ORDERED that petitioner's motion (#11) to reopen is DENIED and that a certificate of appealability is DENIED.

DATED: May 19, 2014.

_____
ROGER L. HUNT
United States District Judge